IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **BARRETT GREEN** | * | |
| ***Plaintiff*** | * | |
| **v.** | * | **Civil No. 8:13-cv-01961-PJM** |
| **PRO FOOTBALL INC. d/b/a THE WASHINGTON REDSKINS,** ***et al.*** | * | |
| | * | |
| ***Defendants*** | * | |

* * * * * * * * *

**OMNIBUS MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR IN THE ATLERNATIVE MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Barrett Green ("Plaintiff") by and through undersigned counsel submits this Omnibus Memorandum of Law in Opposition to Defendants' Motion to Dismiss or in the Alternative for Summary Judgment and requests this Court deny the Defendants' motions and proceed with this case accordingly.[1]

## I. INTRODUCTION

Defendants', Washington Redskins and Robert Royal (the "Defendants"), motion is both backwards and rife with contradictions. It is backwards because unlike the order of Defendants' requests (statute of limitations defense first, Collective Bargaining issues second), this Court actually must determine preemption, and thus its own jurisdiction, first and before reaching either the question of out-of-court remedies or the statute of limitations defense. Thus, if this Court decides that this lawsuit is preempted by the Collective Bargaining Agreement ("CBA") and that the grievance and/or arbitration provisions apply, it should not dismiss the claim with

[1] Plaintiff is concurrently filing a Motion to Remand.

Plaxen & Adler PA
10632 Little Patuxent Pkwy
2000 Century Plaza
Suite 420
Columbia, MD 21044
(410) 730-7737
(301) 596-1133 (D.C.)

prejudice as Defendants demand. Rather, Defendants should seek a stay of this litigation in order to compel Plaintiff to utilize the grievance and arbitration procedures in the CBA. *See* 9 USC § 3. If, and only if, this Court determines first that it has federal question jurisdiction and second that the grievance procedures do not apply, then this Court will retain jurisdiction and should address Defendants' statute of limitations defense.

In addition to being backwards (in a clear attempt to prejudice Plaintiff by seeking a dispositive ruling prior to a jurisdictional determination), Defendants' motions are also internally inconsistent both procedurally and substantively. Procedurally, Defendants assert that this matter is completely pre-empted by the CBA's grievance procedures, and thus this court has no jurisdiction to hear the case. That is, unless this Court is favorable to disposing of the case by rendering a Dismissal. By seeking a dispositive ruling from this Court, Defendants waive any rights under the CBA they may have had.

In fact though, Defendants have no rights under the CBA. The alleged conduct – the intentional battery of the Plaintiff organized, paid for, and executed by the Defendants in concert are general torts, far outside the bounds of conduct covered by the CBA. The CBA has never been interpreted to cover intentionally tortious, illegal conduct. Indeed, any such clause would be void on its face due to illegality. And, even if such a clause existed, because Plaintiff's claims can be determined without interpreting any provision of the CBA, preemption does not apply.

Additionally, even if the CBA was required to interpret the underlying claims (and it is not), there is no applicable grievance procedure, and thus the case is not suitable for Summary Judgment. Instead, it would be up to this court to adjudicate the claims under Maryland law, subject to Section 301 interpretation of the CBA.

Plaxen & Adler PA
10632 Little Patuxent Pkwy
2000 Century Plaza
Suite 420
Columbia, MD 21044
(410) 730-7737
(301) 596-1133 (D.C.)

Substantively, Defendants attempt to argue that Plaintiff was on notice of a bounty program that: (1) Defendants deny existed to this day and (2) was so surprising when uncovered in 2012 that it sent shockwaves throughout the public consciousness. Because, of course, Plaintiff had no such notice, the discovery rule tolls the statute of limitations and Plaintiff's complaint is timely.

This court should deny Defendants' attempts at disposal and pre-emption and deny the motion.

## II. STANDARD OF REVIEW

Although not expressly plead, two Federal Rules of Civil Procedure are invoked in Defendants' motion: Rule 12(b)(6) pertaining to Motions to Dismiss for Failure to State a Cause of Action and Rule 12(d) which states that matters introduced outside the pleadings must be treated as a Motion for Summary Judgment pursuant to Rule 56.[2]

The standard of review for 12(b)(6) Motions to Dismiss, which pertains to the Statute of Limitations defense advanced by the Defendants, is a high bar. Such dismissals should be granted "only in very limited circumstances." *See Rogers v. Jefferson-Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir. 1989). Accordingly, "a motion to dismiss for failure to state a claim for relief should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *See Johnson v. Mueller,* 415 F.2d 354, 355 (4th Cir.1969) (citation omitted). Thus, the Supreme Court recently held that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S.

---

[2] If this Court decides to treat Defendants' Motion as a Motion for Summary Judgment, Plaintiff seeks discovery pursuant to Rule 56(d). *See Decl. McAllister* (noting Plaintiff would seek discovery concerning, amongst other things, Defendant's concealment of the existence of the bounty program and actions by Defendants tolling or mitigating applicability of grievance and arbitration procedures.).

Plaxen & Adler PA
10632 Little Patuxent Pkwy
2000 Century Plaza
Suite 420
Columbia, MD 21044
(410) 730-7737
(301) 596-1133 (D.C.)

544, 127 S. Ct. 1955 (2007). All allegations must be taken as true. *See Cooper v. Pate*, 378 U.S. 546 (1964).

Rule 56, governing a Motion for Summary Judgment, is invoked in the alternative by the Defendants with respect to pre-emption and the Collective Bargaining Agreement (which is outside the scope of the pleadings, but introduced by the Defendants as a basis for summary adjudication). Under Rule 56, in order to prevail upon a Motion for Summary Judgment the movant must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Adequate time for discovery is required. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (stating "in our view, the plain language of Rule 56(c) mandates the entry of summary judgment, **after adequate time for discovery** and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case...") (emphasis added). The Party seeking summary judgment always bears the initial responsibility of informing the District Court of the basis for its motion and identifying those portions of the **pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits,** if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (emphasis added). As no such discovery has occurred, Defendants' request is premature.[3]

## III. ARGUMENT

As shown below, Plaintiff's Complaint was never subject to CBA preemption and, even if it was, Defendants waived preemption by seeking a dispositive ruling from this Court. Further, no grievance provision applies, so the suit is not subject to dismissal or summary

[3] Indeed, the Defendants' Motion does not even state with specificity which grievance procedure, if any, the Plaintiff supposedly failed to exhaust. If the court were to consider granting summary judgment, it must find: (1) that adequate time for discovery has been provided and undertaken; (2) that the CBA applies to the instant complaint; (3) that a mandatory administrative remedy was not followed; (4) that there are no material issues of fact, such as circumstances mitigating the need for any such remedy, i.e. that any purported failure to do so is not tolled by the actions of the parties; and (5) that such a failure precludes litigation.

Plaxen & Adler PA
10632 Little Patuxent Pkwy
2000 Century Plaza
Suite 420
Columbia, MD 21044
(410) 730-7737
(301) 596-1133 (D.C.)

judgment for failure to exhaust any such remedies. Finally, Plaintiff's claims did not accrue under the discovery rule until 2012 and, even if they did, Defendants' concealment tolled the applicable statute of limitations until 2012.

**A. Plaintiff's Complaint Is Not Preempted**

Defendants claim that the CBA preempts Plaintiff's Complaint. (Defs.' Memo. at 14). Defendants' attempt here fails for two independent reasons. First, the subject matter of Plaintiff's Complaint does not fall within the CBA. Second, even if it did, Defendants waived their rights under the CBA by seeking a dispositive ruling from this Court. Third, there is no applicable grievance procedure, and Plaintiff did not fail to exhaust any out of court remedies.

**1. Plaintiff's Complaint Does Not Invoke The CBA**

Pursuant to the Defendants' memorandum of law, their claims of pre-emption are based upon Section 301 of the National Labor Relations Act. However, not every "state tort suit brought by an employee covered by a CBA is preempted by the LMRA." *Brown v. National Football League*, 219 F.Supp.2d 372, 378 (S.D.N.Y 2002). And, "the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994). Rather, Defendants must show that the CBA applies to the parties, as well as the allegations and that the tort claim is "inextricably intertwined with consideration of the terms of the labor contract." *Allis-Chalmers v. Lueck*, 471 U.S. 202, 211 (1985). As shown in two directly analogous cases, both involving attempts by Defendants to preempt state law causes of action based upon the National Football League's CBA, because Plaintiff's state law claims apply generally and can be determined without recourse to the CBA, Plaintiff's claims are not preempted. *Hendy v. Losse, M.D.*, 925 F.2d 1470, 1991 WL 17230, at *1 (9th Cir. 1991); *Brown v. National Football*

Plaxen & Adler PA
10632 Little Patuxent Pkwy
2000 Century Plaza
Suite 420
Columbia, MD 21044
(410) 730-7737
(301) 596-1133 (D.C.)

*League,* 219 F.Supp.2d 372 (S.D.N.Y. 2002). Because Plaintiff's claims are not preempted, there is no federal question jurisdiction. Thus, Plaintiff's Complaint should be remanded to state court.

It is undisputed that Plaintiff's Complaint raises no claims under federal law. (D.E. 2). Instead, it brings Counts for Battery, Negligence, and Negligent Supervision under Maryland law. *Id.*. Moreover, even Defendants admit that Plaintiff's Complaint fails to reference the CBA or any of its provisions. (D.E. 11 at 13) (Defs.' Memo.). Nevertheless, Defendants claim that "all allegations in [Plaintiff's] Complaint are matters arising under the CBA." *Id.* at 14. Defendants are mistaken for four reasons. First, because Plaintiff's claims do not depend upon his status as a former player, preemption does not apply. Second, because the CBA does not apply to the torts alleged by Plaintiff, preemption does not apply. Third, because the CBA does not apply to disputes between players from different teams, there is no preemption. Fourth, because the elements of Plaintiff's state law causes of action can be determined without recourse to the CBA, preemption does not apply. For each of those four reasons independently, and certainly when taken collectively, Plaintiff's Complaint is not preempted.

**a. Plaintiff's Claims Are Not Dependent Upon His Status**

Plaintiff's negligence, battery, and negligent supervision claims could be brought by any member of the public. The duties Plaintiff contends Defendants breached "are duties owed to the general public, not creatures of contract." *Brown v. National Football League,* 219 F.Supp.2d 372, 380 (S.D.N.Y. 2002). In short, they are "free-standing state law tort dut[ies] [ ], not a duty that only exists because of the CBA." *Id.* at 381. They are in no way dependent upon any duties granted by or through the CBA. Because "the identical claim[s] could be asserted by

Plaxen & Adler PA
10632 Little Patuxent Pkwy
2000 Century Plaza
Suite 420
Columbia, MD 21044
(410) 730-7737
(301) 596-1133 (D.C.)

anyone" and do "not depend on [Plaintiff's] status as a member of the Players Association," they are not preempted. *Hendy*, 1991 WL 17230, at *2.

**b. CBA Does Not Apply to Plaintiff's Causes of Action**

"Courts of appeals have frequently held that claims of intentional torts like assault or battery brought by employees covered by CBAs against fellow-employees are not preempted by federal labor law." *Brown*, 219 F.Supp.2d at 382 (citing *Hanks v. General Motors Corp.*, 906 F.2d 341 (8th Cir. 1990); *Glavez v. Kuhn*, 933 F.2d 773 (9th 1991); *Hayden v. Reickerd*, 957 F.2d 1506 (9th Cir. 1991). This premise, of course, holds true in this Circuit as well. In *Jackson v. Kimel*, 992 F.2d 1318 (4th Cir. 1993), this Circuit refused to find that similar torts fell within a collective bargaining agreement. In *Jackson,* a supervisor coerced an employee into having sexual intercourse by threatening to withhold assistance with certain work-related problems and by impliedly threatening to terminate her employment. The defendant attempted to compel arbitration. This Circuit rejected defendant's request finding that interpretation of the collective bargaining agreement was not necessary to determine whether a supervisor owed a duty to refrain from the alleged conduct, as the collective bargaining agreement could not authorize that alleged behavior. 992 F.2d 1318 (4th Cir. 1993). Similarly to the case at bar, no interpretation of the CBA is required to determine that a bounty program designed to injure specific people is unlawful.

This logic was reiterated by this Court in *Smith v. Giant Food LLC.* No. 12-3097, 2013 WL 1164487 (D. Md. Mar. 20, 2013). In *Smith,* this Court held that a store employee's claims against her employer and two of its investigators for false imprisonment and intentional infliction of emotional distress under Maryland law, stemming from investigators' actions in detaining her and interrogating her about whether she put a pen on a salad bar, were not

Plaxen & Adler PA
10632 Little Patuxent Pkwy
2000 Century Plaza
Suite 420
Columbia, MD 21044
(410) 730-7737
(301) 596-1133 (D.C.)

preempted. *Id.*

Defendants cite to no section of the CBA addressing intentional torts because no such section exists. Because the gravamen of Plaintiff's claims concern the intentionally tortious conduct of Defendants in orchestrating and executing a bounty program, the claims are not preempted. (D.E. 2) (Compl. ¶¶ 6-9).

**c. The CBA Does Not Apply to these Parties**

The NFL's CBA has previously been interpreted as entirely inapplicable to claims concerning players from different teams. In *Hackbart v. Cincinnati Bengals*, as in the case at bar, the plaintiff was a defensive player injured by an offensive player during the course of an NFL game. *Hackbart v. Cincinnati Bengals* 601 F.2d 516, 518 (10th Cir. 1979). The *Hackbart* plaintiff also brought claims both against the offending player and the offending player's team. *Id.* In that case, the issue of the collective bargaining agreement was specifically addressed by the district court and disposed of by that court, which noted:

> A collective bargaining contract . . . was in effect during 1973. The agreement includes adoption of the standard player contract form and covers other terms and conditions of employment, including an injury grievance procedure to resolve disputes between a player and his employer. There is no provision for disputes between players of different teams.

*See Hackbart v. Cincinnati Bengals, Inc.*, 435 F.Supp. 352 (1977). And, Defendants point to no such provision in the CBA they attached to their Notice of Removal, because none appears to exist. (D.E. 2, Ex. B). Thus, even if the CBA applied to these particular claims (and it does not), it would still not apply to the parties in this suit.

**d. Plaintiff's Causes of Action Can be Determined Without Reference to the CBA**

In *Brown*, a former NFL player brought causes of action against the NFL for injuries he suffered during a game when he was struck by a NFL referee's penalty flag. *Brown*, 219

Plaxen & Adler PA
10632 Little Patuxent Pkwy
2000 Century Plaza
Suite 420
Columbia, MD 21044
(410) 730-7737
(301) 596-1133 (D.C.)

F.Supp.2d at 375. To support his claim, the plaintiff "cite[d] various documents arguably related to the CBA as evidence that [the referee] behaved negligently." *Id.* at 382. Thus, the NFL argued that the plaintiff's "claims ultimately rest[ed] on the CBA, because those claims expressly rel[ied], as evidence of negligence, on the assertion that [the referee] violated the NFL's 'rules, regulations, and guidelines.'" *Id.* at 383.

The "test is whether the tort claim is 'inextricably intertwined with consideration of the terms of the labor contract.'" *Id.* at 378 (quoting *Allis-Chalmers v. Lueck*, 471 U.S. 202, 213, 220 (1985)). "The bare fact that a collective bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished.'" *Id.* at 379 (citation omitted). Thus, despite plaintiffs' citation of various NFL documents in their complaint, the court held that "[i]n the absence of a showing that Plaintiffs' claim for breach is 'inextricably intertwined with consideration of the terms' of the CBA, the claims are not preempted by § 301 of the LMRA and Plaintiffs must be permitted to pursue their state law tort claims" and granted remand. *Id.* at 387.

In this case, while the Plaintiff makes allusions to NFL rules and common standards of play, these merely provide context as to normal conduct. The complaint solely relies upon state common law causes of action, none of which are intertwined with the CBA. Indeed, Defendants fail to cite any terms of the CBA that would require interpretation, pointing only to general "health and safety" provisions related to a Committee that merely "discusses" issues of player safety. (Def. Memo at 12). Clearly, this provision does not govern the Defendants' duty to refrain from intentional and illegal torts. As in Brown, "the bare fact that a collective bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Id.* at 379 (citation omitted).

Plaxen & Adler PA
10632 Little Patuxent Pkwy
2000 Century Plaza
Suite 420
Columbia, MD 21044
(410) 730-7737
(301) 596-1133 (D.C.)

The duties recited in the complaint concerning fair play and coaching standards are a mere recital of normal conduct within the league. Indeed, in the Counts referenced by the Defendants' in their Memorandum (p.12), the breaches of duty put forward by the Plaintiff as proximately causing his injury are obligations owed to the general public. Specifically: "that the institution of a bounty program caused the injury to Plaintiff" (Complaint, 101) and "that as a direct proximate consequence of Defendant Redskins' negligence, gross negligence and conscious indifferent to the consequence the Plaintiff was caused to suffer permanent physical, emotional and mental injuries…" (Complaint, 82).

Reference and recital of normal standards within the league are just that. However, the fundamental duty breached: not to implement a program in which employees are paid to batter someone is a duty owed to the general public. Defendants cannot batter a fan for bringing candy into the stadium. Defendants cannot batter a reporter for unfavorable press coverage. And Defendants cannot batter Mr. Green in retaliation for his outstanding play.

Again, no provision of a CBA can be drafted to cover illegal, intentional torts and Defendants certainly fail to show any provisions that are inextricably intertwined with Plaintiff's claims that would require interpretation of the CBA's terms. Thus, Defendants' preemption claim fails and no interpretation of the CBA is required to adjudicate this case.

**2. Defendants' Waived Any Preemption/Arbitration Rights**

Even if this case was governed by the CBA (and it is not), and even if a Grievance Procedure could be identified (which it cannot), Defendants' motion should still be denied. Defendants are seeking to preempt this litigation and compel Plaintiff to exclusively utilize the grievance and arbitration procedures of the CBA. A party may not seek to stay or dismiss litigation with an order to arbitrate or follow grievance procedures, and at the same time seek

Plaxen & Adler PA
10632 Little Patuxent Pkwy
2000 Century Plaza
Suite 420
Columbia, MD 21044
(410) 730-7737
(301) 596-1133 (D.C.)

the judicial remedy of dismissal or summary judgment on the matters. This would permit a defendant to have it both ways.

It is well accepted that a party will default its right to arbitration if it so substantially utilizes the litigation machinery that to subsequently permit arbitration would prejudice the party opposing the stay. *See* 9 U.S.C.A. § 3; *Forrester v. Penn Lyon Homes, Inc.,* 553 F.3d 340 (4th Cir. 2009).

Although the Fourth Circuit does not have a case directly on point, other circuits have reached the logical holding that an attempt to get a dispositive ruling from the court constitutes waiver of the right to compel arbitration. *See Sweater Bee by Banff, Ltd. v. Manhattan Indus., Inc.,* 754 F.2d 457, 465 (2d Cir.1985) (dictum). The Seventh Circuit has similarly stated that a motion to dismiss or in the alternative for summary judgment is an "[e]specially telling" factor in assessing whether a party waived a right to arbitration. *See St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prods. Co.,* 969 F.2d 585, 589 (7th Cir.1992) (citing *Sweater Bee by Banff, Ltd.,* 754 F.2d at 465). That court stated: "Especially telling was Disco's motion to dismiss. Submitting a case to the district court for decision is not consistent with a desire to arbitrate. A party may not normally submit a claim for resolution in one forum and then, when it is disappointed with the result in that forum, seek another forum." *Id.* at 589.

Even circuits requiring evidence of prejudice before finding waiver of a right to compel arbitration have observed that a motion for summary judgment, in view of the time and expense associated with such litigation activity, "could not have caused anything but substantial prejudice to the [plaintiffs]." *Price v. Drexel Burnham Lambert, Inc.,* 791 F.2d 1156, 1162 (5th Cir.1986) (citation omitted); *cited by Khan v. Parsons Global Servs., Ltd.,* 521 F.3d 421, 425-26

Plaxen & Adler PA
10632 Little Patuxent Pkwy
2000 Century Plaza
Suite 420
Columbia, MD 21044
(410) 730-7737
(301) 596-1133 (D.C.)

(D.C. Cir. 2008)(filing an alternative motion for summary judgment based on matters outside of the pleadings is inconsistent with preserving the right to compel arbitration.)

In the case at bar, it is clear that the Defendants are utilizing the litigation machinery to gain an unfair advantage. On the one hand they seek dismissal or summary judgment of the case. On the other, if that request is refused, the Defendants seek a different forum where they can again raise the very same issues brought forward here for dismissal of the case. "An important consideration in assessing whether a party has waived its right to arbitration is whether the party now seeking arbitration is improperly manipulating the judicial process." *See Hill v. Ricoh Americas Corp.*, 603 F.3d 766 (10th Cir. 2010). Here, it is clear that the Defendants are seeking to manipulate the justice system and that Plaintiff has suffered prejudice. *See In re Mirant Corp.*, 613 F.3d 584 (5th Cir. 2010)(stating: "having learned that the district court was not receptive to its arguments, (litigant) should [not] be allowed a second bite at the apple through arbitration.) As a result, Defendants' attempts to argue preemption should be denied.

**3. There is No Applicable Grievance Procedure**

In this filing, a Motion to Dismiss or in the Alternative for Summary Judgment, the sole basis that Defendants have invoked for summary judgment is Plaintiff's alleged failure to exhaust grievance remedies and arbitration. Specifically, the Defendants claim, "the Complaint does not allege that any grievances were filed by the Plaintiff as a result of the matters complained of in the Complaint. Applicable case law establishes that Plaintiff's failure to exhaust his contractual remedy precludes him from maintaining this action." See Def. Memo, Page 15.

Plaxen & Adler PA
10632 Little Patuxent Pkwy
2000 Century Plaza
Suite 420
Columbia, MD 21044
(410) 730-7737
(301) 596-1133 (D.C.)

Tellingly, the Defendants make no attempt to cite a grievance procedure that might be applicable, while seeking this relief. In fact, the only reference to a specific grievance procedure occurs five pages earlier, in which the plaintiffs note that the CBA grievance procedures are for *employment disputes*. See Def. Memo. Page 10. Specifically, Defendants cite Ex. 1, Art. IX, s. 1, which states that grievances pertain "to terms and conditions of employment of NFL players".

This is plainly not a lawsuit concerning the terms and condition of employment. It is a common law case for battery and associated negligence. The Defendants cannot identify a Grievance Procedure applicable to such a case, because there is no such grievance procedure. Under the CBA there are essentially two types of grievances: "non injury grievances" under Article IX of the CBA pertain to "terms and conditions of employment" and "Injury Grievances" under Article X pertain to claims that "at the time a player's NFL Player Contract was terminated by a Club, the player was physically unable to perform the services required of him by that contract." See Def Ex. 1 - CBA, Article IX, s. 1, Article X, s. 1.

Neither is applicable to the facts at bar, and summary judgment cannot be granted for failure to exhaust out-of-court remedies that do not exist. Thus, Plaintiff did not fail to exhaust any out-of-court remedies under the CBA and the case is not suitable for summary judgment.

**B. Statute of Limitations is Tolled**

Plaintiff's Complaint is timely under two independent doctrines, each sufficient on its own. First, under the general discovery rule, Plaintiff's cause of action did not accrue until 2012. Second, Defendants' fraudulent concealment tolled the applicable statute of limitations.

**1. The Discovery Rule Generally**

Plaxen & Adler PA
10632 Little Patuxent Pkwy
2000 Century Plaza
Suite 420
Columbia, MD 21044
(410) 730-7737
(301) 596-1133 (D.C.)

Though removed to federal court, the causes of action rooted in battery and negligence are subject to Maryland State Law. Defendants acknowledge that under Maryland law, both the battery and negligence claims are governed by separate three-year statutes of limitation.

As Defendants also acknowledge, under Maryland law it has long been recognized that notwithstanding the employment of due diligence, not every claim can be discovered within the applicable period of limitations. Maryland follows the Discovery Rule which tolls the accrual date of the cause of action until such time as the potential plaintiff either discovers the cause of action or should have discovered it through the exercise of ordinary diligence. *See MacBride v. Pishvaian*, 402 Md. 572, 581, 937 A.2d 233, 238 (2007). And, it should be noted that, "the burden of proving both discovery rule components - - the [Plaintiff's] knowledge of facts sufficient to prompt investigation and that a diligent investigation would have revealed [Plaintiff's] cause of action" rests on Defendants. *Anne Arundel Cty. v. Halle Dev.*, 971 A.2d 214, 230 (Md. 2009). And Plaintiff must not only be on notice of the potential claims, but "all elements" of those claims as well. *Doe v. Archdiocese of Washington*, 689 A.2d 634, 638 (Md. App. 1997) (holding that "the cause of action does not accrue until **all elements** are present, including damage however trivial.") (emphasis added). Because Defendants have not met their burden to prove Plaintiff had sufficient knowledge of all elements of his claims, their motions should be denied.

The statute of limitations may also be tolled by fraud of the perpetrator. Pursuant to Section 5-203 of the Maryland Rules of Court, "if the knowledge of *a cause of action* is kept from a party by the fraud of an adverse party, the cause of action shall be deemed to accrue at the time when the party discovered, or by the exercise of ordinary diligence should have discovered the fraud." Md. Code Ann., Cts. & Jud. Proc. § 5-203 (West). (emphasis added).

Plaxen & Adler PA
10632 Little Patuxent Pkwy
2000 Century Plaza
Suite 420
Columbia, MD 21044
(410) 730-7737
(301) 596-1133 (D.C.)

This section is remedial in nature, meaning it is intended to benefit plaintiffs and punish those who conceal their torts. *See Geisz v. Greater Baltimore Medical Center,* 313 Md. 301, 323-24, 545 A.2d 658, 669 (1988). Indeed, the Discovery Rule provisions were passed by the General Assembly for the purpose of enabling the plaintiff in an action at law to set up the fraud of the defendant in order to avoid a plea of limitations. *Piper v. Jenkins,* 207 Md. 308, 315, 113 A.2d 919, 922 (1955); *Herring v. Offutt,* 266 Md. 593, 599, 295 A.2d 876, 880 (1972). *See also Frederick Rd. Ltd. P'ship v. Brown & Sturm,* 360 Md. 76, 98-99, 756 A.2d 963, 975 (2000). Defendants continue to deny the existence of the Bounty Program to this day in an attempt to conceal culpability and deny justice to the victims of the program.

Both the Discovery Rule and the fraudulent concealment of Defendants are adequately alleged in the Complaint. Accordingly, Defendants' Motion should be denied.

**a. Claims Against Redskins**

Count 6 against Defendant Redskins is for negligent supervision. Under Maryland law, negligent supervision requires: (1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employee's act or omission causing the plaintiff's injuries; and (5) the employer's negligence in hiring, supervising or retaining the employee as the proximate cause of plaintiff's injuries. *See Latty v. St. Joseph's Society of the Sacred Heart, Inc.*, 17 A.3d 155, 165 (Md. App. 2011) (citation omitted). The burden is on the Defendants to show Plaintiff's notice of all elements of his causes of action. And, Defendants must show **actual** notice. "The discovery rule does not contemplate constructive notice." *Anne Arundel Cty.*, 971 A.2d at 227. "The rule, instead, contemplates actual knowledge - that is express cognition, or awareness implied from 'knowledge of circumstances which ought to have put a person of ordinary

Plaxen & Adler PA
10632 Little Patuxent Pkwy
2000 Century Plaza
Suite 420
Columbia, MD 21044
(410) 730-7737
(301) 596-1133 (D.C.)

prudence on inquiry [thus, charging the individual] with notice of all facts which such an investigation would in all probability have disclosed if it had been properly pursued." *Id.* (citation omitted). As alleged in the Complaint, neither Plaintiff (nor anyone outside of Defendant Redskins) had any knowledge concerning Defendant Redskins' actual or constructive awareness of the bounty program and Defendant Redskins' retention of Defendants Royal and Williams in light of such knowledge. (Compl. ¶ 41, 98-102).

Clearly then, under the discovery rule, Count 6 is timely because elements three and five, at a minimum, were unknown to Plaintiff. *See Millison v. Wilzack*, 77 Md. App. 676, 685, 551 A.2d 899 (Md. Ct. Sp. App. 1989). Further, with respect to Counts 2 and 4, parts of these claims are based upon Defendant Redskins' active participation and involvement in the bounty program. (Compl. ¶¶ 58-61, 77-81). When "the viability of [Defendants'] statute of limitations defense hinges upon a question of fact [and] that factual question is ordinarily resolved by the jury, rather than by the court." *Doe,* 689 A.2d at 639. Those allegations in those counts also meet the discovery rule and are timely.

**b. Defendants' Concealment and Mr. Green's Investigation**

Even if this Court finds that Plaintiff's cause of action accrued before 2012, the motion should still be denied because Defendants, by their actions, tolled the statute of limitations. Section 5-203 applies where two conditions are met: (1) the plaintiff has been kept in ignorance of *the cause of action* by the fraud of the adverse party, and (2) the plaintiff has exercised usual or ordinary diligence for the discovery and protection of his or her rights. *See Piper v. Jenkins,* 207 Md. at 318, 113 A.2d at 924 (1955); *Mettee v. Boone,* 251 Md. 332, 338-39, 247 A.2d 390, 394 (1968). Plaintiff alleges that he did not discover the circumstances giving rise to the causes of action in the complaint until March of 2012, when a number of former Redskins broke their

Plaxen & Adler PA
10632 Little Patuxent Pkwy
2000 Century Plaza
Suite 420
Columbia, MD 21044
(410) 730-7737
(301) 596-1133 (D.C.)

longstanding cover-up of the Bounty Program and informed the Washington Post of the program's substance, the details of which are well plead and clearly alleged. (Compl. ¶¶ 35-41).[4]

Until that news article, the program was actively and fraudulently concealed by all parties to the conspiracy to injure opposing players. Indeed, Defendants deny the existence of the program to this very day and even claim in their memorandum that the allegation is "utterly baseless." (Defs.' Memo. at 2 n.1). Plaintiff's allegations meet both prongs of the concealment test.

**1. <u>Defendants' Concealment</u>**

Maryland law recognizes that it is unfair to impart knowledge of a tort when a potential plaintiff is unable to discover the existence of a claim due to fraud or concealment on the part of the defendant. *See* Md. Code (1973, 2002 Repl.Vol.), § 5-203 of the Courts & Judicial Proceedings Article; *Frederick Road Ltd. P'ship v. Brown & Sturm,* 360 Md. 76, 98-99, 756 A.2d 963, 975 (2000) (stating that § 5-203 was passed to avoid situations where a plaintiff, despite a diligent investigation, is kept ignorant of the existence of a claim by the fraud of the defendant). *Dual Inc. v. Lockheed Martin Corp.*, 383 Md. 151, 169-70, 857 A.2d 1095, 1105-06 (2004).

Paragraphs 35 to 41 of Plaintiff's Complaint lay out in great detail Defendants' concealment of the bounty program. In short, after Plaintiff's concerns were aired, they were dismissed by both Defendant Redskins' employees and other NFL participants. And,

---

4 In the program, specific opposing players were targeted, and Redskins players were instructed to injure these players, including Plaintiff. Redskins players that accomplished these acts of violence at the behest of Redskins management were rewarded with cash payments and other rewards. (*Id.*)

Plaxen & Adler PA
10632 Little Patuxent Pkwy
2000 Century Plaza
Suite 420
Columbia, MD 21044
(410) 730-7737
(301) 596-1133 (D.C.)

Defendants' concealment continues to this day as noted by their claim that the bounty program allegation is "utterly baseless." (Defs.' Memo. at 2 n.1). Put most simply, if the bounty program existed, then Defendants concealed that fact. That, however, is a determination for another day. For the purposes of this motion, Plaintiff has adequately alleged concealment.

And the holding of the *Doe* decision, heavily relied upon by Defendants, actually supports Plaintiff's position. In *Doe,* the plaintiff made no attempt to allege concealment or fraud. *Doe,* at 644. A plaintiff who involves Section 5-203 of the Courts and Judicial Proceedings Article must "show affirmatively that he was kept in ignorance of his right of action by the fraud" of defendant and "must specifically allege and prove when and how his knowledge of the fraud was obtained, so that the court will be enabled to determine whether he exercised reasonable diligence to ascertain the facts." *See Doe v. Archdiocese of Washington*, 114 Md. App. 169, 187, 689 A.2d 634, 643-44 (1997).

Plaintiff did so. Therefore, the statute of limitations is tolled.

**2. <u>Plaintiff's Investigation</u>**

Plaintiff's Complaint documents his initial suspicion that the injury he received was inflicted outside the risk assumed by anyone playing football. (Compl. ¶ 35). Plaintiff complained to New York Giants management, including head coach Tom Coughlin. (Compl. ¶ 35). Yet, his complaints fell on deaf ears. Giants team officials told Plaintiff that Royal had not acted on purpose. He was told that it was not possible that the hit was intentional. (Compl. ¶ 7).

Here, Plaintiff's inquiry to the press is of considerable significance. In it, Plaintiff implored the NFL to investigate and take action, stating: "[h]opefully the League will take notice of it and do something about it." (Compl. ¶ 36). The National Football League

Plaxen & Adler PA
10632 Little Patuxent Pkwy
2000 Century Plaza
Suite 420
Columbia, MD 21044
(410) 730-7737
(301) 596-1133 (D.C.)

maintains a substantial investigative arm. This investigative body is so strong that every football game is monitored to such granular detail that players are fined for wearing the wrong color of socks to fines for excessive celebration. Indeed, Plaintiff noted that the NFL frequently investigates defensive players for questionable hits. (Compl ¶ 36).

There was nothing more that Plaintiff could do. It was not until eight years later, when four Redskins players came clean about the program to the Washington Post, that Plaintiff had actual notice of all elements of his causes of action against Defendants. (Compl. ¶ 41). Plaintiff's complaint is timely filed within three (3) years of when he had knowledge of the elements of those causes of action.

**Conclusion**

As shown *supra*, Plaintiff's claims are neither preempted by the CBA nor subject to any grievance or arbitration provision of the CBA, and the claims were asserted within the statute of limitations. Accordingly, Defendants' motion should be denied.

Respectfully Submitted,

PLAXEN & ADLER, P.A.

Bruce M. Plaxen
Federal Bar #05378
10632 Little Patuxent Pkwy., Suite 420
Columbia, Maryland 21044
(410) 730-7737
(410) 730-1615 (fax)
bplaxen@plaxenadler.com
Counsel for Plaintiff

Plaxen & Adler PA
10632 Little Patuxent Pkwy
2000 Century Plaza
Suite 420
Columbia, MD 21044
(410) 730-7737
(301) 596-1133 (D.C.)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 5th day on August, 2013, a copy of the foregoing Plaintiff's Omnibus Memorandum of Law in Opposition to Defendants' Motion to Dismiss or in the Alternative for Summary Judgment was served electronically on:

Robert L. Ferguson, Jr.
rferguson@fsb-law.com

Craig F. Ballew
cballew@fsb-law.com

*Attorneys for Defendants Pro Football, Inc. and Robert Royal*

Bruce M. Plaxen

Plaxen & Adler PA
10632 Little Patuxent Pkwy
2000 Century Plaza
Suite 420
Columbia, MD 21044
(410) 730-7737
(301) 596-1133 (D.C.)